CROWELL & MORING LLP
Michael Y. Kao (CSB No. 235263, mkao@crowell.com)
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

James E. Kellett (*admitted pro hac vice*)
jkellett@crowell.com
590 Madison Ave., 20th Floor
New York, NY 10022
Telephone: (213) 223-4000
Facsimile: (213) 223-4134

Attorneys for Defendant
BRINK'S, INCORPORATED

MANDATORY CHAMBERS COPY
DOCUMENT E-FILED 01/12/2012

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>BRINKS INCORPORATED, a Delaware corporation; JEFF HILL, an individual; SERGIO ESPARSA, an individual; BRENT RAZO, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV-11-4243 RGK (AGRx)<br><br>**STIPULATION OF CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Hon. R. Gary Klausner |

*NOTE CHANGES MADE BY THE COURT*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

111306/0013998/NYACTIVE-12273371.2

STIPULATION OF CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER; CV-11-4243 RGK (AGRX)

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by Defendant Brink's, Incorporated ("Brink's") and Plaintiff Rene Martinez, through their respective counsel, as follows:

All documents, information and testimony designated as "Confidential" by the producing party or any third party upon their request in the above-captioned matter is hereby subject to the following terms and conditions:

1. Financial, proprietary, safety-sensitive, security-sensitive or other sensitive or confidential business or technical information produced by any party, third party, or witness in this litigation, may be designated as "Confidential" by such party, third party, or witness in the manner described in paragraph 2 below. Subject to the foregoing, such information may include, but is not limited to, any information related to Brink's security practices and procedures and related information, safety procedures and related information, trade secrets, proprietary information, training materials, information related to Brink's customers or suppliers, scheduling procedures and related information, operational procedures and related information, technological information, employee wage, benefit, and other compensation information, business proposals and strategies, internal investigations, pricing information, business plans, marketing reports and studies, contracts and other agreements (and exhibits and schedules thereto, and information contained therein) with customers or third parties, and financial information.

2. Documents or information shall be designated "Confidential Information" within the meaning of this Confidentiality Agreement and Protective Order ("Confidentiality Order") in the following ways:

   a) In the case of documents and the information contained therein and any attachments thereto, the designation shall be made by placing or affixing thereon, in such a manner as will not interfere with the legibility thereof, the legend:

"CONFIDENTIAL" as appropriate. All information contained on: (i) any page containing such notice; or (ii) any report or other document, the cover or first page of which contains such notice, shall be Confidential Information unless the producing party shall clearly indicate thereon that only a portion of the page, report or document is to be treated as Confidential.

b) In the case of interrogatory answers and the information contained therein, designation as "Confidential" shall be made by means of a statement in lieu of an answer contained in the body of the Answers to Interrogatories that the answer contains Confidential Information, whereupon the full answer to said interrogatory will be set forth separately in a sworn interrogatory answer marked "Confidential" as the case may be, as prescribed in the Order.

c) In the case of depositions and the information contained in deposition transcripts (including exhibits), designation of those portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party, third party, or witness producing such information. If such designation is made, all persons not permitted access to such information under the terms of this Confidentiality Order, except the court reporter, shall be excluded from the deposition room; and the original and each copy of the portion(s) of the deposition so designated as "Confidential" shall be separately transcribed and transmitted in the manner set forth in this Confidentiality Order.

3. A transcript of testimony which is not designated as Confidential, either in whole or in part, during the course of such testimony may be subsequently reviewed by counsel and such designation made. Such review shall take place within thirty (30) days of receipt of the transcript. Additionally, a transcript which is designated as Confidential, either in whole or in part, during the course of such testimony shall be subsequently reviewed by designating counsel, and such designation limited to apply to only those pages containing such confidential information. Such review and limitation shall take place within thirty (30) days of receipt of the transcript.

4. A document may be designated as Confidential after disclosure, provided claims of confidentiality are raised in writing to counsel and with particularity within a reasonable time after disclosure. The designating party shall furnish the receiving party with a new copy of the document with the designation provided in paragraph 2, and the receiving party shall return the document originally produced, and any copies thereof to the designating party. Such materials and information shall be treated as if the designation were made prior to disclosure.

5. The inadvertent production of any other information or document during this litigation shall be without prejudice to any claim that the inadvertently disclosed document contains Confidential Information, attorney-client privileged information, information protected by the attorney work-product doctrine, or information protected by any other legally recognized privilege, and the designating party shall not be held to have waived any rights by an inadvertent production. If a designating party inadvertently produces a document, the receiving party shall return the original and all copies of the document pursuant to a written request and shall not use any information thus obtained unless allowed to do so by the Court.

6.  The failure of any party to challenge the designation of information as Confidential at the time such designation is made shall not be deemed a waiver of its right subsequently to challenge the propriety of such designation.

7.  With respect to any Confidential material, any party may at any time notify the designating party or third party in writing that it requests removal of the designation. The designating party or third party shall have 5 business days after such notice to respond to such a request. If the party or third party refuses to remove the designation, the party opposing the designation shall be entitled to file a motion with the Court seeking to have the designation removed. ~~The objecting party shall bear the burden of overcoming the propriety of the specific designation at issue.~~ The material and information in question shall remain Confidential until there is a final disposition by the Court on the motion. *[AGR]*

8.  All Confidential Information produced in this action shall be subject to the following restrictions:

    (a)  Confidential Information shall be used only for the purposes of this litigation and not for any business or other purpose whatsoever.

    (b)  Confidential Information shall not be given, shown, made available, discussed, or otherwise communicated in any way to anyone other than (a) Plaintiff Rene Martinez and (b) the attorneys of record, and their associated attorneys, for the party or parties in this litigation to which such documents are produced, and the employees of such attorneys to whom it is necessary that the material be shown for the purposes of the litigation.

    (c)  Confidential Information may also be disclosed to: (i) experts retained by any party; (ii) non-parties; and (iii) persons supplied by an independent contractor to provide services or personnel to

any party's attorneys only in the following manner: Any attorney who wishes to disclose or provide such Confidential Information to an expert or non-party shall advise the expert or non-party that, pursuant to this Confidentiality Order, such expert or non-party may not divulge such Confidential Information to any other person, and the attorney shall furnish such expert or non-party a copy of this Confidentiality Order at the time of such advice. Upon receipt of such advice and a copy of this Confidentiality Order, and by executing an agreement to abide by the terms thereof, in the form provided in Appendix A hereto, the expert or non-party, as the case may be, will be under the same restrictions with respect to such Confidential Information as the parties hereto.

(d) No Confidential Information shall be given, shown, made available to, discussed, or otherwise communicated in any way with the individuals described in paragraphs 8(b) or 8(c), as appropriate, until and unless each such person has executed an agreement in the form attached hereto as Appendix A that the person has read the terms of this Confidentiality Order, understands them and agrees to be bound thereby.

9. Copies of any document containing Confidential Information (including but not limited to pleadings, answers to interrogatories and transcripts of testimony) shall be made only as necessary for the use of those assisting counsel for whom disclosure is provided under paragraph 8 of this Order. Counsel will use reasonable efforts to restrict the number of copies made of any materials designated "Confidential." However, extra copies which are needed for purposes of filing with the Court and service upon opposing counsel shall not be subject to the terms of this paragraph.

10. Before filing any information that has been designated "Confidential" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file ~~the materials~~ an application in accordance with Local Civil Rule 79-5, with notice served upon the producing party. ~~Any Confidential documents, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, that is filed with or otherwise submitted to the Court shall be filed under seal, and the clerk of the Court shall maintain such material under seal.~~ If so ordered by the court, Each such document containing Confidential information shall be marked with the caption and docket number of this action, the name(s) or general description(s) of the document(s) contained therein, and the following notice:

CONFIDENTIAL

PROTECTED BY COURT ORDER

Confidential information shall be not become part of the public record except upon the written consent of the producing party, or unless permitted or ordered by the Court.

11. Nothing contained in this Confidentiality Order shall preclude any party from using its own Confidential documents or information for legitimate business purposes unrelated to this litigation in any manner it sees fit, or from revealing its own Confidential documents or information to whomever it chooses without prior consent of any other party or of the Court.

12. At the conclusion of this action, all originals and copies of any materials subject to this Confidentiality Order shall be returned to the producing attorneys of record and shall not be retained by the receiving attorneys or their clients; and no copies thereof shall be retained by any other person, including attorneys; provided, however, that counsel may retain their attorney work-product

1  and all court-filed documents even though they contain Confidential Information,
2  but such retained work-product shall remain subject to the terms of this
3  Confidentiality Order. In the alternative, the supplying party may elect to have
4  materials designated "Confidential" destroyed. At the written request of the
5  supplying party, any person or entity (other than the Court) having custody or control of any materials or
6  information designated "Confidential" or any materials containing or referring to
7  the contents of any Confidential Information shall deliver to the supplying party a
8  certification that reasonable efforts have been made to ensure that all such materials
9  and all summaries or other copies thereof (except for attorney work product and
10 court filed documents as stated above) in possession of the attorneys, the party or
11 parties whom they represent and any experts or third parties who executed an
12 agreement to be bound hereunder have been destroyed or delivered in accordance
13 with the terms of this Order. The provisions of this Order, insofar as they restrict
14 the communication and use of the documents produced thereunder, shall, without
15 written permission of the producing party or further order of the Court, continue to
16 be binding after the conclusion of this action. Counsel for each receiving party
17 shall file a certification with this Court that they have complied with the
18 requirements of this paragraph before a final dismissal of this action shall be
19 entered by the Court.
20      13.    Nothing in this Confidentiality Order shall bar or otherwise restrict any
21 of the attorneys who have consented to the entry of this Order from rendering
22 advice with respect to this litigation to the party or parties for which such attorneys
23 have appeared of record in this action and, in the course thereof, referring to or
24 relying generally upon their examination of Confidential Information produced to
25 them in this action; provided, however, that in rendering such advice and in
26 otherwise communicating with such client, the attorney shall not disclose the
27 specific content of any Confidential if such disclosure would be contrary to the
28 terms of this Order.

14. Nothing in this Confidentiality Order shall prevent the entry of any order, after appropriate showing, requiring that any information shall receive protection beyond that provided herein.

15. Nothing in this Confidentiality Order shall be deemed to preclude any party from objecting to discovery on any other basis, or from seeking and obtaining, upon appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Confidentiality Order with respect to any material designated hereunder as Confidential, or from providing, by stipulation, exceptions to the terms thereof. Nothing contained herein shall be deemed to be an admission or agreement by the other party that the material protected hereby is, in fact, Confidential and any party may challenge the confidentiality of said material in Court.

16. Nothing contained in this Confidentiality Order, and no action taken pursuant to this Confidentiality Order, shall prejudice the right of any party to contest the alleged relevance, admissibility or discoverability of documents sought or subject to this Confidentiality Order.

17. The parties agree to request jointly a neutral charge from the Court explaining to the jury the reasons for Confidential designations on documents produced by the parties.

18. Nothing contained herein shall prevent a party from utilizing another party's Confidential documents and information at the trial of this action or in any pretrial or post-trial proceeding, subject to the right of any party to seek appropriate protection from the Court.

19. Any party which is served with a subpoena or other notice compelling the production of any material designated as Confidential is obligated to give written notice within twenty-four (24) hours to all parties to this litigation of such subpoena or other notice. Upon receiving such notice, it is the burden of the party which produced the Confidential material to oppose the subpoena on grounds of

1  confidentiality and not the subpoenaed party which received the Confidential
2  material in connection with this action. The subpoenaed party shall interpose an
3  objection to the subpoena based solely on the grounds that the Confidentiality
4  Order in this action applies with respect to the Confidential material which may be
5  subject to or responsive to the subpoena. The subpoenaed party shall take no
6  position as to any opposition to the subpoena made by the party which produced the
7  Confidential material, and shall not produce Confidential material until required to
8  do so by order having the force of law, the court or other body having jurisdiction
9  with respect to the subpoena, or by other agreement between the issuer of the
10 subpoena and all parties to this action.

IT IS SO STIPULATED:

Dated:   January 11, 2012                        Crowell & Moring LLP


                                                 /s/   Michael Y. Kao
                                                 Michael Y. Kao
                                                 Attorneys for Defendant
                                                 Brink's Incorporated

Dated:   January ____, 2012                      Law Offices of Joseph Lovretovich


                                                 Christopher Taylor
                                                 Attorneys for Plaintiff
                                                 Rene Martinez

confidentiality and not the subpoenaed party which received the Confidential material in connection with this action. The subpoenaed party shall interpose an objection to the subpoena based solely on the grounds that the Confidentiality Order in this action applies with respect to the Confidential material which may be subject to or responsive to the subpoena. The subpoenaed party shall take no position as to any opposition to the subpoena made by the party which produced the Confidential material, and shall not produce Confidential material until required to do so by order having the force of law, the court or other body having jurisdiction with respect to the subpoena, or by other agreement between the issuer of the subpoena and all parties to this action.

IT IS SO STIPULATED:

Dated: January ____, 2012                    Crowell & Moring LLP

                                             Michael Y. Kao
                                             Attorneys for Defendant
                                             Brink's Incorporated

Dated: January 11, 2012                      Law Offices of Joseph Lovretovich

                                             Christopher Taylor
                                             Attorneys for Plaintiff
                                             Rene Martinez

IT IS SO ORDERED.
DATED: 1/19/2012
/s/ Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE